1    Mark S. Horoupian (CA Bar No. 175373)
       mhoroupian@sulmeyerlaw.com
2    Steve Burnell (CA Bar No. 286557)
       sburnell@sulmeyerlaw.com
3    **Sulmeyer**Kupetz, A Professional Corporation
     333 South Grand Avenue, Suite 3400
4    Los Angeles, California 90071
     Telephone: 213.626.2311
5    Facsimile: 213.629.4520

6    Attorneys for Howard M. Ehrenberg,
     Chapter 7 Trustee for Spectrum Link Inc.
7

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **LOS ANGELES DIVISION**
11

| In re: | Case No. 2:21-bk-16403-VZ |
|--------|---------------------------|
| SPECTRUM LINK, INC., | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF VEHICLES TO MARILYN ADJANGBA, SUBJECT TO OVERBID; (2) APPROVING PROPOSED OVERBID PROCEDURES; (3) APPROVING THE SALE FREE AND CLEAR OF ANY LIENS, INTERESTS, AND ENCUMBRANCES UNDER 11 U.S.C. § 363(f), (4) DEEMING THE BUYER TO BE A GOOD FAITH PURCHASER UNDER 11 U.S.C. § 363(m); AND (5) WAIVING THE FOURTEEN-DAY STAY PRESCRIBED BY FRBP 6004(h); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HOWARD M. EHRENBERG AND MARILYN ADJANGBA IN SUPPORT THEREOF** |
| | [11 U.S.C. §§ 363(b)(1) and (f); Fed. R. Bankr. P. 6004; LBR 6004-1] |
| | **Hearing Information**: Date: January 25, 2022 Time: 11:00 a.m. Place: Courtroom 1368 Roybal Federal Building & Courthouse 255 East Temple Street Los Angeles, California 90012 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

sb 2730754v1

**TABLE OF CONTENTS**

**Page**

PROPOSED OVERBID PROCEDURES ................................................................................2

      1.     Intent To Bid And Overbid Amount ...................................................2

      2.     Payment Of Deposit ...........................................................................3

      3.     Evidence Of Financial Ability To Perform .......................................3

      4.     Auction ...............................................................................................3

      5.     Tender Of Balance Of Purchase Price ..............................................4

      6.     Agreement To Terms And Overbid Procedures ................................4

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................6

I. INTRODUCTION ..........................................................................................................6

II. BACKGROUND FACTS ..............................................................................................6

III. SUMMARY OF PROPOSED SALE TERMS .............................................................8

IV. THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE ESTATE .............9

     A.     Sound Business Purpose ....................................................................9

     B.     Reasonable Purchase Price ..............................................................10

     C.     Notice of the Sale Is Proper ............................................................11

     E.     The Sale of the Vehicles Should Be Approved Free and Clear of Any Liens, Interests, and Encumbrances Under 11 U.S.C. § 363(f) ............................................................11

     F.     Buyer Is a Good Faith Purchaser ....................................................13

     G.     Waiver Of The Fourteen (14) Day Period For Effectiveness Of Sale Order ...........13

     H.     Tax Consequences ...........................................................................14

V. CONCLUSION .............................................................................................................14

DECLARATION OF HOWARD M. EHRENBERG ......................................................16

DECLARATION OF MARILYN ADJANGBA ..............................................................22

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*
    722 F.2d 1063 (2d Cir. 1983) ............................................................... 9, 10

*In re Continental Air Lines, Inc.*
    780 F.2d 1223 (5th Cir. 1986) ............................................................... 10

*In re Elliot,*
    94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) ............................................. 12

*In re Lahijani*
    325 B.R. 282 (B.A.P. 9th Cir. 2005) ..................................................... 10

*In re M Capital Corp.,*
    290 B.R. 743, 746 (B.A.P. 9th Cir. 2003) ............................................. 13

*In re Slates*
    2012 WL 5359489 (B.A.P. 9th Cir. Oct. 31, 2012) .............................. 9

*In re Walter*
    83 B.R. 14 (B.A.P. 9th Cir. 1988) ......................................................... 10

*In re Wilde Horse Enters., Inc.*
    136 B.R. 830 (Bankr. C.D. Cal. 1991) .................................................. 9, 10

## **STATUTES**

11 U.S.C. § 1112(b)(1) ..................................................................................... 6, 17

11 U.S.C. § 363(f) ............................................................................................. 12, 13, 15

11 U.S.C. § 363(f)(2) ........................................................................................ 13

11 U.S.C. § 363(f)(4) ........................................................................................ 12, 13, 21

11 U.S.C. § 363(m) ........................................................................................... 13, 14, 16

11 U.S.C. § 547 ................................................................................................. 8, 13

11 U.S.C. § 704(a)(1) ........................................................................................ 11

11 U.S.C.§ 363 .................................................................................................. 9

11 U.S.C.§ 363(b)(1) ........................................................................................ 9, 10, 11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311  •  FAX 213.629.4520

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>RULES</u>**

F.R.B.P.Rule 6004(h) .................................................................................................. 14, 15, 16, 21

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ANY POTENTIAL OVERBIDDERS**:

## MOTION

Howard M. Ehrenberg, the duly appointed and acting Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of the above-captioned debtor ("Debtor"), hereby submits his "*Chapter 7 Trustee's Motion For Order: (1) Authorizing Sale Of Vehicles To Marilyn Adjangba, Subject To Overbid; (2) Approving Proposed Overbid Procedures; (3) Approving The Sale Free And Clear Of Any Liens, Interests, And Encumbrances Under 11 U.S.C. § 363(f); (4) Deeming The Buyer To Be A Good Faith Purchaser Under 11 U.S.C. § 363(m); And (5) Waiving The Fourteen-Day Stay Prescribed By FRBP 6004(H); Memorandum Of Points And Authorities; Declarations Of Howard M. Ehrenberg And Marilyn Adjangba In Support Thereof*" ("Motion") and respectfully represents as follows:

The Trustee seeks an order approving the sale ("Sale") of the following property of the Estate: (1) 2017 Ford Connect Van, license plate 77880G2, VIN ending -27318 ("2017 Ford Van"), (2) 2012 Ford F-F150 pickup truck, license plate 79084B2, VIN ending -82571 ("2012 Ford Truck"), and (3) 2014 Ford Connect Van, license plate 56186R2, VIN ending -33270 ("2014 Ford Van") (the three vehicles, individually, a "Vehicle," and collectively, the "Vehicles").

The Trustee has agreed to sell the Vehicles to Marilyn Adjangba ("Ms. Adjangba" or "Buyer") for a total price of $20,000.00 ("Purchase Price"), or alternatively, to such other interested bidder who may submit a higher offer to purchase any or all of the Vehicles at the hearing on the Motion.  The Trustee accepted the offer of $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and $4,000.00 for the 2014 Ford Van.  The Vehicles are being sold individually, not as a lot, so the sale of each Vehicle is subject to individual overbid.  A copy of the registration and photos for each Vehicle is attached hereto as  **Exhibit 1** for the 2017 Ford Van, **Exhibit 2** for the 2012 Ford Truck, and **Exhibit 3** for the 2014 Ford Van.  The Sale of the Vehicles does not include any other personal property in the photographs (i.e., ladders, tools, etc.) included in Exhibits 1-3.

1    The Vehicles are being sold on an "as is, where is" basis, with no warranties, recourse,

2    contingencies, or representations, express or implied, of any kind.  The Trustee and the Estate take

3    no responsibility for the collection and/or removal of the Vehicles and that the cost of doing so, if

4    any, is that of the Buyer.  The sale of the Vehicles will be sold free and clear of any liens, interests,

5    or encumbrances, including the liens held by the Employment Development Department ("EDD")

6    and The 3250 Wilshire Blvd. Partners ("Wilshire Landlord") (the EDD and the Wilshire Landlord's

7    liens, collectively, the "Disputed Liens").  The Disputed Liens will not attach to the net sale proceeds

8    from the Sale of the Vehicles.

9    This Sale of each Vehicle is subject to overbid and the Trustee requests that the Court adopt

10    the overbid procedures described below.  The Trustee also seeks an order deeming the Buyer to be

11    a good-faith purchaser under 11 U.S.C. § 363(m), and waiving the fourteen (14) day stay prescribed

12    by Federal Rule of Bankruptcy Procedure 6004(h) to allow the Buyer to immediately close the sale

13    and take  possession of the Vehicles.  In the event of any subsequent successful overbidder, the

14    Trustee will seek the same relief as to the successful overbidder.

### PROPOSED OVERBID PROCEDURES

16    Other potential buyers, subject to prior qualification by the Trustee, may submit overbids at

17    the Sale hearing so long as the procedures described herein are met.  If an overbidder does appear,

18    the Trustee requests that the Court adopt the following overbid procedures ("Overbid Procedures"):

19    **1.    Intent To Bid And Overbid Amount**

20    Any party wishing to bid on any of the Vehicles ("Overbidder") shall advise the Trustee of

21    its intent to bid and the amount of the initial overbid which must be at least $1,000.00 more than the

22    current selling price of $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and

23    $4,000.00 for the 2014 Ford Van ("Initial Overbid"), by no later than 12:00 p.m. one (1) business

24    day before to the hearing on this Motion ("Overbid Deadline").  The Overbidder will further provide

25    proof of the Overbidder's financial ability to perform as discussed below.  In his absolute sole

26    discretion and business judgment, the Trustee shall have the right to accept additional overbids

27    submitted prior to the Sale hearing but after the Overbid Deadline. Any subsequent overbids

28    submitted after the Initial Overbid will be in increments of not less than $250.00.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**2.      Payment Of Deposit**

The Buyer, and any Overbidder, shall provide the Trustee with a cashier's check, payable to "Howard M. Ehrenberg, Chapter 7 Trustee of the Bankruptcy Estate of Spectrum Link, Inc." in the amount of $2,500.00 ("Deposit").  The Deposit must be delivered so that it is received by the Trustee by no later than the Overbid Deadline.  Deposits should be mailed to Howard M. Ehrenberg, Chapter Trustee, 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.  The Trustee will receive the Buyer's Deposit prior to the Sale hearing.  The Buyer's Deposit is non-refundable unless the Buyer is not deemed to be the "Winning Bidder" at the auction for any of the Vehicles as that phrase is defined below.  Overbidders who are not deemed to be the Winning Bidder shall have their Deposit refunded to them unless the Overbidders agree to act as the Backup Bidder (defined below).  The Deposit will be credited to the Winning Bidder's, or Backup Bidder's, final winning bid amount.  A separate Deposit is not required for each of the Vehicles if the Overbidder intends to bid on more than one (1) of the Vehicles.

**3.      Evidence Of Financial Ability To Perform**

Any Overbidder must provide the Trustee with evidence of the proposed Overbidder's financial ability to pay the full amount of the Initial Overbid so that such evidence is received by the Trustee no later than the Overbid Deadline.  In his absolute sole discretion and business judgment, the Trustee shall have the right to qualify an Overbidder to bid at the Sale hearing by determining whether the Overbidder has provided sufficient proof of financial ability to perform.

**4.      Auction**

All parties who have submitted timely bids and otherwise satisfied the foregoing requirements will be able to participate in an auction to be conducted at the hearing on the Motion as is necessary in order to increase their bid.  As stated previously, the Initial Overbid will be in the amount of at least $11,000.00 for the 2017 Ford Van, $7,000.00 for the 2012 Ford Truck, and $5,000.00 for the 2014 Ford Van and any subsequent overbids will be in increments of $250.00.

The Trustee will request authority to sell each of the Vehicles to the Buyer, or any successful Overbidder with the highest overbid ("Winning Bidder").  The Trustee will also seek authority to designate the second highest bidder as the back-up bidder ("Backup Bidder") and to sell each of the

Vehicles to the Backup Bidder if the Winning Bidder fails to perform.  To be considered the "highest overbid," any overbid must be on the same terms and conditions as described herein.

**5.      Tender Of Balance Of Purchase Price**

The Winning Bidder for each of the Vehicles must tender the total purchase price, minus the Deposit previously received, to the Trustee via cashier's check within seven (7) calendar days following entry of the order approving the Sale of the Vehicles to such buyer.  If the Winning Bidder for a Vehicle fails to tender the balance of the total purchase price by such date, that bidder's entire Deposit shall be forfeited to the Trustee, and the Backup Bidder shall tender the balance of the Backup Bidder's bid, minus the Backup Bidder's Deposit previously received, to the Trustee via cashier's check within seven (7) calendar days following the Trustee's delivery of notice to the Backup Bidder that the Winning Bidder failed to perform.  If the Backup Bidder fails to tender the balance of the total purchase price within seven (7) calendar days after receiving notice from the Trustee that the Winning Bidder has failed to perform, the Backup Bidder's Deposit shall be forfeited to the Trustee.  The Trustee shall have the sole discretion to extend the seven (7) calendar day payment deadline described herein for the Winning Bidder or the Backup Bidder.

**6.      Agreement To Terms And Overbid Procedures**

Any Overbidder's tender of the Deposit to the Trustee shall serve as that Overbidder's agreement with these proposed Overbid Procedures and the terms of the Sale of the Vehicles discussed herein.

This Motion is made pursuant to 11 U.S.C. §§ 363(b)(1) and (f), Federal Rule of Bankruptcy Procedure 6004, and LBR 6004-1 on the grounds that, based on the Trustee's sound business justification, the Trustee believes the Sale of the Vehicles as set forth herein is in the best interests of the Estate.  The Sale will provide the Estate with a guaranteed total return of at least $20,000.00 with no delay in payments.  The proposed Sale is subject to overbid thereby allowing the Estate to achieve a higher price for the Vehicles in the event another party believes the Vehicles have more value.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declarations of Howard M. Ehrenberg and Ms. Adjangba, the concurrently-filed Local Rule Form

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

6004-2, the record in this case, all facts and documents that are judicially noticeable and any other or further evidence or argument presented to the Court prior to or at the hearing on the Motion.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:

1. Granting the Motion;

2. Approving the Overbid Procedures proposed herein;

3. Authorizing the Trustee to sell the Vehicles to Buyer, or alternatively, to any higher Overbidder, in accordance with the Overbid Procedures described herein;

4. Approving the Sale of the Vehicles free and clear of any liens, interests, and encumbrances, including the Disputed Liens, under 11 U.S.C. § 363(f),

5. Deeming the Buyer, of any successful Overbidder, of any of the Vehicles to be a good-faith purchaser pursuant to 11 U.S.C. § 363(m) for purposes of this Sale;

6. Waiving the fourteen (14) day stay proscribed by FRBP 6004(h);

7. Authorizing the Trustee to execute any documents as necessary to effectuate this Sale; and

8. Providing such other and further relief as the Court deems proper.

DATED: January 4, 2022                    Respectfully submitted,

                                          */s/Steve Burnell*
                                          Mark S. Horoupian
                                          Steve Burnell
                                          Attorneys for Howard M. Ehrenberg,
                                          Chapter 7 Trustee for the Bankruptcy Estate of
                                          Spectrum Link, Inc.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.

### INTRODUCTION

The Trustee seeks an order approving the Sale of the Vehicles to Buyer.  A copy of the registration and photos for each of the Vehicles is attached hereto as Exhibits 1-3.  The Trustee submits that the price obtained for the Vehicles is fair market value and that the Sale is in the best interests of the Estate.  The Trustee believes all prerequisites for approval of the Sale under applicable provisions of the Bankruptcy Code have been satisfied and urges the Court to grant the Motion.

### II.

### BACKGROUND FACTS

On August 11, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Central District of California, Los Angeles Division, initiating this bankruptcy case, Case No. 2:21-bk-16403-VZ ("Bankruptcy Case").

The Debtor filed its initial schedules on August 25, 2021 and listed approximately $364,000 in personal property assets, $33,000 in secured claims, $129,000 in priority unsecured claims, and $12.7 million in general unsecured claims [Docket no. 25] (all figures rounded).  The Debtor's schedule E/F was subsequently amended on October 7, 2021 and the amount of general unsecured claims against the Estate increased to approximately $23 million  [Docket. no. 64].

By order entered November 4, 2021 [Docket no. 91], the Court granted the Office of the United States Trustee's ("OUST") Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss, or Appoint a Chapter 11 Trustee With an Order Directing Payment of Quarterly Fees And For Judgment Thereon [Docket no. 57].  The Trustee was appointed as chapter 11 trustee by the OUST

---

[1]     Terms not defined herein shall have the same meaning ascribed to them in the foregoing Motion.

the same day, and the Trustee's appointment was confirmed by the Court's subsequent order entered on November 10, 2021 [Docket no. 96].

After determining that there was no reasonable likelihood that the Debtor could be reorganized, the Trustee has moved to convert the Bankruptcy Case to chapter 7 [Docket no. 106]. The order granting the Trustee's motion and converting the case to chapter 7 was entered on December 22, 2021 [Docket no. 121], and the Trustee was reappointed as the interim chapter 7 trustee on December 23, 2021 [Docket no. 122]. The 341(a) meeting of creditors is set for January 24, 2022.

The Debtor listed the Assets on Line 47 of its Schedule B filed on August 25, 2021, a true and correct copy of which is attached hereto as **Exhibit 4**. The Debtor was the registered owner of each of the Vehicles on the Petition Date.[2] *See* Exhibits 1-3.

Ms. Adjangba is the principal and CEO of the Debtor. She became CEO after her brother and former CEO of the Debtor, Bernard Mayfield ("Mr. Mayfield"), passed away in April 2021. Ms. Adjangba, in her individual capacity, has offered to purchase the Vehicles as follows: $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and $4,000.00 for the 2014 Ford Van, with the understanding that the Sale is subject to overbid. *See* Declaration of Ms. Adjangba attached hereto. The Trustee determined that, under the circumstances of this case, the sale of the Vehicles for the total Purchase Price of $20,000.00, subject to overbid for each Vehicle, is the best offer he could obtain for the Vehicles.

The Debtor scheduled a total of five (5) liens against the Vehicles located in California, four (4) of which are purportedly held by the EDD and the fifth lien held by Wilshire Landlord. A true and correct copy of the Debtor's Schedule D filed on August 25, 2021 is attached hereto as **Exhibit 5**. The Trustee's search of the California Secretary of State Office's ("CA SOS") records indicates that a total of six (6) liens were recorded by the EDD against the Debtor's personal property, three (3) of which remain active including one (1) that was recorded during the 90-day preference period

---

[2] Schedule B erroneously listed the model years for the 2012 Ford Truck as a "2016," and for the 2014 Ford Van as a "2013." The registration cards attached as Exhibits 1-3 confirm the correct model years for the Vehicles.

**Sulmeyer** Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   before the Petition Date.  *See* true and correctly copy of the LexisNexis UCC Filings search results

2   for the Debtor attached hereto as **Exhibit 6**.  The EDD's own proof of claim admits, however, that

3   the EDD only holds priority and general unsecured claims totaling $17,507.94 for the same tax

4   period referenced in the schedules.  *See* true and correct copy of the EDD's Proof of Claim No. 11

5   filed on Sep. 28, 2021 attached hereto as **Exhibit 7**.

6         With regard to the Wilshire Landlord, it filed a Notice of Judgment Lien with the CA SOS

7   on May 23, 2021 in the amount of $25,147.39.  *See* Exhibit 4.  Because the Wilshire Landlord's

8   judgment lien was  recorded within the 90-day preference period before the Petition Date, it is also

9   subject to avoidance under 11 U.S.C. § 547.

10        Notwithstanding Ms. Adjangba's status as the CEO of the Debtor and sister of Mr. Mayfield,

11  the Sale of the Vehicles was negotiated at arm's length by the Trustee.  There is no fraud, collusion,

12  or any other insider transactions present here (other than as represented), and the Buyer received no

13  special treatment or consideration from the Trustee.  The Sale will be publicized on the Bankruptcy

14  Court's website, Inforuptcy, the National Association of Bankruptcy Trustees, and notice will be

15  provided to all creditors.  The Trustee has accepted the offer and the net benefit to the unsecured

16  creditors of the Estate is best realized through the proposed Sale of the Vehicles.

## III.

## SUMMARY OF PROPOSED SALE TERMS

| | |
|---|---|
| Seller: | The Trustee |
| Buyer: | Marilyn Adjangba |
| Assets To Be Sold: | 2017 Ford Van, 2012 Ford Truck, 2014 Ford Van |
| Purchase Price: | $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and $4,000.00 for the 2014 Ford Van |
| Auction: | The Sale is subject to the Overbid Procedures described in the Motion.  In the event a qualified Overbidder submits an overbid, the auction will take place at the same date, time, and location as the hearing on this Motion. |

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Representations:    The Vehicles are being sold on an "as is, where is" basis, with no warranties, recourse, contingencies, or representations, express or implied, of any kind.  The Estate takes no responsibility for the collection and/or removal of the Vehicles and the cost of doing so, if any, is that of the Buyer.  The Sale of the Vehicles does not include any other personal property in the Vehicles (i.e., ladders, tools, etc.) seen in the photographs attached as Exhibits 1-3.

Prepetition Interests:    The Vehicles are being sold free and clear of all liens, interests, and encumbrances, including the Disputed Liens, under 11 U.S.C. § 363(f).  The Disputed Liens will  not attach to the net sale proceeds.

## IV.

## THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE ESTATE

Under 11 U.S.C. § 363, a trustee is empowered to sell assets of the estate outside the ordinary course of business "after notice and a hearing." The standards for approval of a sale pursuant to 11 U.S.C. § 363(b)(1) require that the proponent of the sale establish that: "(1) a sound business purpose exists for the sale; (2) the sale is in the best interest of the estate, *i.e.*, the sale price is fair and reasonable; (3) notice to creditors was proper; and (4) the sale is made in good faith." *In re Slates*, 2012 WL 5359489 (B.A.P. 9th Cir. Oct. 31, 2012) (unpublished) (*citing In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983)).  The Trustee's proposed Sale of the Vehicles meets these requirements.

### A.    Sound Business Purpose

The decision to sell property out of the ordinary course of a debtor's business must be based on the reasonable business judgment of the debtor.  *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983).  In determining whether the business purpose is justified under 11 U.S.C. § 363(b)(1), bankruptcy courts apply a flexible, case-by-case approach. *See In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988) ("the

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly,

2  act to further the diverse interests of the debtor, creditors and equity holders, alike.") (quoting

3  *Continental Air,* 780 F.2d at 1226). The court should approve a sale of property under 11 U.S.C.

4  § 363(b)(1) if the trustee has established a sound business purpose for the proposed transaction.

5  *Walter,* 83 B.R. at 16; *Wilde Horse,* 136 B.R. at 841 (Bankr. C.D. Cal. 1991). The business

6  judgment standard is deferential. *In re Lahijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005)

7  ("Ordinarily, the position of the trustee is afforded deference, particularly where business judgment

8  is entailed in the analysis or where there is no objection.").

9  The facts reflect that the Trustee's decision to sell the Vehicles is supported by sound business

10  judgment because the Estate will receive a total of at least $20,000 (or any final price achieved at

11  an auction) for the Vehicles. The sound business purpose for the Sale is also reflected by the fair

12  and reasonable price that the Estate is receiving for these assets. There is also the potential that a

13  higher return can be achieved for the Estate since the Sale is subject to overbid for each of the

14  Vehicles, which will further confirm that a fair and reasonable price is being received by the Estate.

15  With no need for the Vehicles in the Debtor's now-ceased business operations, and in furtherance

16  of the Trustee's duties under 11 U.S.C. § 704(a)(1) to "collect and reduce to money the property of

17  the estate," the Sale of the Vehicles is in the best interest of the Estate and a valid exercise of the

18  Trustee's business judgment.

19  **B.    Reasonable Purchase Price**

20  Since the Sale will be subject to the Overbid Procedures, the Purchase Price, or any resulting

21  higher offer received, will represent fair market value for the Vehicles. The Purchase Price is also

22  within the range of values that Trustee obtained during the course of his investigation from a private

23  auctioneer and online resources, including Kelly Blue Book. *See* true and correct copy of Kelly

24  Blue Book online valuation for the Vehicles attached hereto as collective **Exhibit 8**. The Purchase

25  Price for the Vehicles is reasonable in light of the Vehicle conditions, which have been used as

26  commercial work vehicles for the last several years. The mileage for the 2017 Ford Van is

27  approximately 119,529 miles and the mileage for the 2012 Ford Truck is approximately 146,996.

28  And as is evident in the photographs included with Exhibits 1-3, each of the Vehicle is "wrapped"

1    with advertisement for the Debtor's business and will be an additional cost to any purchaser to

2    remove the wraps.  As a result, and as discussed above, the Purchase Price is fair, reasonable,

3    market-tested and in the best interests of the Estate.

4          **C.**      **Notice of the Sale Is Proper**

5          In compliance with 11 U.S.C. § 363(b)(1), FRBP 2002(a)(2), and 6004(a), the Trustee will

6    serve notice of the Sale to the Debtor, the United States Trustee, and all creditors.  The notice of the

7    Sale will also be published on the Bankruptcy Court's website, Inforuptcy, and the National

8    Association of Bankruptcy Trustees website.  Accordingly, notice of the Sale is proper.

9          **D.**      **The Sale Was Negotiated In Good Faith**

10         As further detailed in the attached declarations of the Trustee and the Buyer, notwithstanding

11   the fact that the Buyer is the principal and CEO of the Debtor and the sister of Mr. Mayfield, this

12   Sale was negotiated at arms-length and no special consideration or treatment given to the Buyer by

13   the Trustee.  The Buyer has offered to purchase the Vehicles in her individual capacity.  There was

14   no prior relationship between the Trustee and the Buyer.  The Overbid Procedures will confirm that

15   fair market value is being received for each of the Vehicles, providing further evidence of the good

16   faith negotiations between the parties.

17         In sum, the Trustee has satisfied each of the elements governing the proposed Sale of the

18   Vehicles and has articulated sound business reasons for entering into and seeking consummation of

19   the Sale.  The Court should therefore approve the Sale.

20         **E.**      **The Sale of the Vehicles Should Be Approved Free and Clear of Any Liens,**

21                   **Interests, and Encumbrances Under 11 U.S.C. § 363(f)**

22         Pursuant to 11 U.S.C. § 363(f), a trustee may sell assets of the estate free and clear of any

23   interest in such property of an entity other than the estate only if - (1) applicable non-bankruptcy

24   law permits sale of such property free and clear of such  interest; (2) such entity consents; (3) such

25   interest is a lien and the price at which such property is to be sold is greater than the aggregate value

26   of all liens on such property; (4) such interest is in *bona fide* dispute; or (5) such entity could be

27   compelled, in legal or equitable proceedings, to accept a money satisfaction of such interest.  This

28   section of the Bankruptcy Code has been interpreted to be in the disjunctive, rather than the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    conjunctive.  Thus, a trustee need only demonstrate that one of the elements of this section exists.

2    *In re Elliot*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

3         In this case, the Vehicles may be sold free and clear of the Disputed Liens because two (2)

4    subsections of 11 U.S.C. § 363(f) are satisfied.  First, the Disputed Liens are subject to a *bona fide*

5    dispute under 11 U.S.C. § 363(f)(4).  Notwithstanding the liens recorded by the EDD with the CA

6    SOS, the EDD's own proof of claim admits that the EDD is unsecured and holds only priority and

7    general unsecured claims totaling $17,507.94.  Moreover, one (1) of those liens is subject to

8    avoidance as a preference.  *See* Exhibit 7.  And the lien held by the Wilshire Landlord is also subject

9    to avoidance under 11 U.S.C. § 547 as a preference since the lien was recorded within the 90-day

10   period prior to the Petition Date.

11        Furthermore, because the general rule is that a creditor secured by a vehicle perfects that

12   security interest with the California Department of Motor Vehicles, because neither the EDD nor

13   the Wilshire Landlord were listed as lienholders on the registration for the Vehicles, the Disputed

14   Liens are unperfected to the extent they even attached to the Vehicles.  *See Simon v. Chrysler Credit*

15   *Corp. (In re Babaeian Transp. Co.)*, 206 B.R. 536, 543 (Bankr. C.D. Cal. 1997); Exhibits 1-3.

16        Moreover, because the failure to file any opposition by a party receiving notice of the Motion

17   may be deemed to be that party's consent to the relief requested under the Local Bankruptcy Rules,

18   there exists an additional ground for selling the Vehicles free and clear of any liens, interests, and

19   encumbrances under 11 U.S.C. § 363(f)(2) since any such party with such an interest in the Vehicles

20   receiving notice of the Sale has consented to the relief requested in the Sale if they do not file

21   opposition.  *See* LBR 9013-1(h)("…if a party does not timely file and serve documents, the court

22   may deem this to be consent to the granting or denial of the motion, as the case may be.").

23   Accordingly, the Vehicles may be sold free and clear of any liens, interests, and encumbrances under

24   11 U.S.C. § 363(f) and because there is no *prima facie* evidence that the EDD and the Wilshire

25   Landlord hold a validly perfected lien on the Vehicles, the Disputed Liens will not attach to the net

26   sale proceeds.

27

28

**F.      Buyer Is a Good Faith Purchaser**

Under 11 U.S.C. § 363(m), in relevant part, if a sale order is subsequently reversed or modified on appeal, such reversal or modification does not affect the validity of the sale if the purchase was a good faith purchaser and no stay pending appeal was obtained. Although the Bankruptcy Code does not define the term "good faith", courts have found that a "good faith purchaser" is one who buys 'in good faith' and "for value". *In re M Capital Corp.*, 290 B.R. 743, 746 (B.A.P. 9th Cir. 2003). "Typically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders". *Id.* at 746-47. The burden of proof to show "good faith" is on the proponent of good faith or, in this case, the Trustee. *See id.* at 747.

Here, the Buyer should be deemed to be a good faith purchaser for purposes of this Sale under 11 U.S.C. § 363(m) because the Sale was negotiated in good faith. Notwithstanding the fact that the Buyer is the principal and CEO of the Debtor and the sister of Mr. Mayfield, this Sale was negotiated at arms-length and no special treatment or consideration was given to the Buyer. There was also no prior relationship between the Trustee and the Buyer. The Buyer is providing value in the form of for $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and $4,000.00 for the 2014 Ford Van. The Overbid Procedures will confirm that fair market value is being received for each of the Vehicles, providing further evidence of the good faith negotiations between the parties. Accordingly, because there are no facts raising the specter of bad faith, collusion, or calling into question the propriety of the Sale, the Court should deem the Buyer, or any similarly situated Overbidder, to be a good faith purchaser of the Vehicles under 11 U.S.C. § 363(m) for purposes of this Sale.

**G.      Waiver Of The Fourteen (14) Day Period For Effectiveness Of Sale Order**

Rule 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h). The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

2

Alternatively, the court may order that the stay under Rule 6004(g)
[now 6004(h)] is for a fixed period less than 10 [now 14] days.

3

Given the notice and full opportunity to object, respond, or participate in Overbid Procedures

4

presented by this Motion, the Trustee believes that, unless there are objections to the Motion that

5

are not consensually resolved, it is appropriate and good cause exists for the Court to order that Rule

6

6004(h) is not applicable, and the Vehicles may be sold immediately.  Waiving the fourteen (14)

7

day stay will allow the Buyer, or any successful Overbidder to take immediate possession of the

8

Vehicles once the sale order is entered.  Additionally, since the Vehicles are currently held in two

9

(2) storage units, allowing the Buyer or successful Overbidder to take immediate possession of the

10

Vehicles will provide such party the opportunity to determine whether to move the Vehicles out of

11

the storage or make other arrangements with the storage unit owners.  Accordingly, the Trustee

12

requests that the Court authorize the Sale to be effectuated immediately upon entry of the order

13

approving this Motion.

14

**H.**    **Tax Consequences**

15

It is anticipated that there will no tax liability generated from the Sale because there will

16

likely be no capital gains realized, or alternatively, any capital gain will be offset by the Debtor's

17

other losses.  Indeed, because the Vehicles have already been put in use, it is more than likely that

18

the Estate will incur a loss for tax purposes since the Vehicles are very likely being sold at a price

19

less than the Debtor's original cost basis.  The Sale is therefore in the best interest of the Estate

because the Estate will likely not suffer an adverse tax consequence from the Sale.

20

21

**V.**

22

**CONCLUSION**

23

For the reasons set forth above, the Trustee respectfully requests that this Court enter an

24

order:

25

1.    Granting the Motion;

26

2.    Approving the Overbid Procedures proposed herein;

27

3.    Authorizing the Trustee to sell the Vehicles to Buyer, or alternatively, to any higher

28

Overbidder, in accordance with the Overbid Procedures described herein;

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

4.      Approving the Sale of the Vehicles free and clear of any liens, interests, and encumbrances, including the Disputed Liens, under 11 U.S.C. § 363(f);

5.      Deeming the Buyer, of any successful Overbidder, to be a good-faith purchaser pursuant to 11 U.S.C. § 363(m) for purposes of this Sale;

6.      Waiving the fourteen (14) day stay proscribed by FRBP 6004(h);

7.      Authorizing the Trustee to execute any documents as necessary to effectuate this Sale; and

8.      Providing such other and further relief as the Court deems proper.

DATED: January 4, 2022                          Respectfully submitted,

                                                /s/Steve Burnell
                                                Mark S. Horoupian
                                                Steve Burnell
                                                Attorneys for Howard M. Ehrenberg,
                                                Chapter 7 Trustee for the Bankruptcy Estate of
                                                Spectrum Link, Inc.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

## DECLARATION OF HOWARD M. EHRENBERG[3]

2

I, Howard M. Ehrenberg, declare as follows:

3

1.      I am an individual over the age of eighteen (18) years old and I am the duly appointed,

4

qualified and acting Chapter 7 trustee ("<u>Trustee</u>") of the bankruptcy estate ("<u>Estate</u>") for the debtor

5

Spectrum Link, Inc. ("<u>Debtor</u>").  I submit the following declaration in my capacity as Chapter 7

6

trustee.  Unless otherwise stated, the facts set forth in this declaration are personally known to me

7

and if called as a witness, I could and would competently testify thereto.

8

2.      I make and execute this declaration in support of the foregoing "*Chapter 7 Trustee's*

9

*Motion For Order: (1) Authorizing Sale Of Vehicles To Marilyn Adjangba, Subject To Overbid; (2)*

10

*Approving Proposed Overbid Procedures; (3) Approving The Sale Free And Clear Of Any Liens,*

11

*Interests, And Encumbrances Under 11 U.S.C. § 363(f); (4) Deeming The Buyer To Be  Good Faith*

12

*Purchaser Under 11 U.S.C. § 363(m); And (5) Waiving The Fourteen-Day Stay Prescribed By FRBP*

13

*6004(H)"* ("<u>Motion</u>").

14

3.      On August 11, 2021 ("<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief

15

under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court,

16

Central District of California, Los Angeles Division, initiating this bankruptcy case, Case No. 2:21-

17

bk-16403-VZ.

18

4.      The Debtor filed its initial schedules on August 25, 2021 and listed approximately

19

$364,000 in personal property assets, $33,000 in secured claims, $129,000 in priority unsecured

20

claims, and $12.7 million in general unsecured claims [Docket no. 25] (all figures rounded).  The

21

Debtor's schedule E/F was subsequently amended on October 7, 2021 and the amount of general

22

unsecured claims against the Estate increased to approximately $23 million  [Docket. no. 64].

23

5.      By order entered November 4, 2021 [Docket no. 91], the Court granted the Office of

24

the United States Trustee's ("<u>OUST</u>") Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss,

25

or Appoint a Chapter 11 Trustee With an Order Directing Payment of Quarterly Fees And For

26

27

_____

28

[3] Terms not defined herein shall have the same meaning ascribed to them in the foregoing Motion
and/or Memorandum of Points and Authorities.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   Judgment Thereon [Docket no. 57].  The Trustee was appointed as chapter 11 trustee by the OUST

2   the same day, and the Trustee's appointment was confirmed by the Court's subsequent order entered

3   on November 10, 2021 [Docket no. 96].

4         6.      After determining that there is no reasonable likelihood that the Debtor can be

5   reorganized, the Trustee has moved to convert the Bankruptcy Case to chapter 7 [Docket no. 106].

6   The order granting the Trustee's motion and converting the case to chapter 7 was entered on

7   December 22, 2021 [Docket no. 121], and the Trustee was reappointed as the interim chapter 7

8   trustee the next day [Docket no. 122].  The 341(a) meeting of creditors is set for January 24, 2022.

9         7.      The Trustee seeks an order approving the sale ("Sale") of the following property of

10  the Estate: (1) 2017 Ford Connect Van, license plate 77880G2, VIN ending -27318 ("2017 Ford

11  Van"), (2) 2012 Ford F-F150 pickup truck, license plate 79084B2, VIN ending -82571 ("2012 Ford

12  Truck"), and (3) 2014 Ford Connect Van, license plate 56186R2, VIN ending -33270 ("2014 Ford

13  Van") (the three vehicles, individually, a "Vehicle," and collectively, the "Vehicles").  A copy of

14  the registration and photos for each of the Vehicles is attached hereto as **Exhibit 1** for the 2017 Ford

15  Van, **Exhibit 2** for the 2012 Ford Truck, and **Exhibit 3** for the 2014 Ford Van.

16        8.      The Debtor listed the Vehicles on Line 47 of its Schedule B filed on August 25, 2021,

17  a true and correct copy of which is attached hereto as **Exhibit 4**.  The Debtor was the registered

18  owner of each of the Vehicles on the Petition Date.[4]  *See* Exhibits 1-3.

19        9.      Ms. Adjangba is the principal and CEO of the Debtor.  I am informed that she became

20  CEO after her brother and former CEO of the Debtor, Bernard Mayfield ("Mr. Mayfield"), passed

21  away in April 2021.  Ms. Adjangba, in her individual capacity, has offered to purchase the Vehicles

22  as follows: $10,000.00 for the 2017 Ford Van, $6,000.00 for the 2012 Ford Truck, and $4,000.00

23  for the 2014 Ford Van, with the understanding that the Sale is subject to overbid.  *See* Declaration

24  of Ms. Adjangba attached hereto.  The Trustee determined that, under the circumstances of this case,

25

26

27  [4] Schedule B erroneously listed the model years for the 2012 Ford Truck as a "2016," and for the
28  2014 Ford Van as a "2013." The registration cards attached as Exhibits 1-3 confirm the correct
    model years for the Vehicles.

1  the sale of the Vehicles for the total Purchase Price of  $20,000.00, subject to overbid for each

2  Vehicle, is the best offer he could obtain for the Vehicles.

3       10.    The Debtor scheduled a total of five (5) liens against the Vehicles located in

4  California, four (4) of which are purportedly held by the EDD and the fifth lien held by Wilshire

5  Landlord.  A true and correct copy of the Debtor's Schedule D filed on August 25, 2021 is attached

6  hereto as **Exhibit 5**.  The Trustee's search of the California Secretary of State Office's ("CA SOS")

7  records indicates that a total of six (6) liens were recorded by the EDD against the Debtor's personal

8  property, three (3) of which remain active including one (1) that was recorded during the 90-day

9  preference period before the Petition Date.  *See* true and correctly copy of the LexisNexis UCC

10 Filings search results for the Debtor attached hereto as **Exhibit 6**.  The EDD's own proof of claim

11 admits, however, that the EDD only holds priority and general unsecured claims totaling $17,507.94

12 for the same tax period referenced in the schedules.  *See* true and correct copy of the EDD's Proof

13 of Claim No. 11 filed on Sep. 28, 2021 attached hereto as **Exhibit 7**.

14     11.    I have explained to Ms. Adjangba that I am selling the Vehicles on an "as is, where

15 is" basis, with no warranties, recourse, contingencies, or representations, express or implied, of any

16 kind.  The Estate takes no responsibility for the collection and/or removal of the Vehicles and the

17 cost of doing so, if any, is that of the Buyer.  The Sale of the Vehicles does not include any other

18 personal property in the Vehicles (i.e., ladders, tools, etc.) seen in the photographs attached as

19 Exhibits 1-3.  I have further explained to the Buyer that the Estate takes no responsibility for the

20 collection and/or removal of the Vehicles and that the cost of doing so, if any, is that of the Buyer.

21     12.    Notwithstanding Ms. Adjangba's status as the CEO of the Debtor and sister of Mr.

22 Mayfield,  the sale of the Vehicles was negotiated at arm's length by me.  There is no fraud,

23 collusion, or any other insider transactions present here (other than as represented), and the Buyer

24 received no special treatment or consideration from me.  The Sale will be publicized on the

25 Bankruptcy Court's website, Inforuptcy, the National Association of Bankruptcy Trustees website,

26 and notice will be provided to all creditors.  The net benefit to the unsecured creditors of the Estate

27 is best realized through the proposed Sale of the Vehicles

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

13.    I respectfully submit that the proposed Overbid Procedures are reasonable, appropriate, satisfy the business judgment rule, and should be approved.  I will receive the Buyer's Deposit prior to the Sale hearing.  To the extent the Court approves the Sale of the Vehicles to a qualified Overbidder who then fails to close (for any reason other than a material breach by me), the Overbidder's Deposit of $2,500.00 will be forfeited to the Estate.  The proposed Overbid Procedures allow for an unsuccessful bidder to serve as the Backup Bidder in the event the Winning Bidder fails to close; thereby providing the Estate with a form of "insurance" that I will be able to consummate the sale of the Vehicles, even if the Winning Bidder fails to perform.  Under these circumstances, the Overbid Procedures and timetable established for the Sale of the Vehicles are more than reasonable, will ensure competitive bidding, and should be approved.

14.    The Purchase Price of the 2017 Ford Van for $10,000.00, the 2012 Ford Truck for $6,000.00, and the 2014 Ford Van for $4,000.00 is fair and reasonable.  The Purchase Price for the Vehicles is also within the range of values that I obtained during the course of my investigation from a private auctioneer and online resources, including Kelly Blue Book.  *See* true and correct copy of Kelly Blue Book online valuation for the Vehicles attached hereto as collective **Exhibit 8**.  The Purchase Price for the Vehicles is also reasonable in light of the Vehicle conditions, which have been used as commercial work vehicles for the last several years.  The mileage for the 2017 Ford Van is approximately 119,529 miles and the mileage for the 2012 Ford Truck is approximately 146,996.  And as is evident in the photographs included with Exhibits 1-3, each of the Vehicle is "wrapped" with advertisement for the Debtor's business and will be an additional cost to any purchaser to remove the wraps.

15.    The fair market value of the Vehicles will be further confirmed by the Overbid Procedures. If there is any Overbid, the Estate will receive at least $1,000.00 more than the Purchase Price. I submit that the Initial Overbid of $11,000.00 for the 2017 Ford Van, $7,000.00 for the 2012 Ford Truck, and $5,000.00 for the 2014 Ford Van are reasonable increase requirements, and will ensure that the bidding process is not unduly "chilled."  The subsequent incremental bids in the sum of $250.00 are designed to encourage bidding while at the same time avoiding the unnecessary delay that would come with an unduly small incremental bid amount.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

16.    I am requesting that the Sale of the Vehicles by free and clear of any liens, interests, and encumbrances, including the Disputed Liens, pursuant to 11 U.S.C. § 363(f).  The Disputed Liens are subject to a *bona fide* dispute under 11 U.S.C. § 363(f)(4).  And the failure of any party with an interest in the Disputed Liens to file opposition to the Motion, after receiving notice of the Motion, may be deemed to be that party's consent to the relief requested in the Motion under LBR 9013-1(h) thereby meeting the requirements of 11 U.S.C. § 363(f)(2).  Accordingly, two (2) subsections of 11 U.S.C. § 363(f) are satisfied.  I am also requesting that the Disputed Liens not attach to the net sale proceeds because I have not reviewed any *prima facie* evidence that the EDD and the Wilshire Landlord hold a validly perfected lien on the Vehicles.

17.    Through my discussions with my proposed accountant, I anticipate that there will no tax liability generated from the Sale because there will likely be no capital gains realized, or alternatively, any capital gain will be offset by the Debtor's other losses.  I am informed that the Vehicles have been in use for approximately three (3) years, so it is more than likely that the Estate will incur a loss for tax purposes since the Vehicles are very likely being sold at a price less than original cost basis.  The Sale is therefore in the best interest of the Estate because the Estate will likely not suffer an adverse tax consequence from the Sale.

18.    Given the notice and full opportunity to object, respond, or participate in Overbid Procedures presented by this Motion, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to waive the fourteen (14) day stay imposed by FRBP 6004(h) so that the Vehicles may be sold immediately and the Buyer, or any successful Overbidder, may take immediate possession of the Vehicles once the sale order is entered.  Since the Vehicles are currently held in two (2) storage units, allowing the Buyer or successful Overbidder to take immediate possession will provide such party the opportunity to determine whether to move the Vehicles out of the storage or make other arrangements with the storage unit owners.  Accordingly, I request that the Court authorize the Sale to be effectuated immediately upon entry of the order approving this Motion.

///

///

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

19.     In sum, in my business judgment, the Sale, which will generate at least $20,000.00 of net proceeds for the Estate is in the best interest of the Estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 4, 2022, at Los Angeles, California.

_____
Howard M. Ehrenberg, Chapter 7 Trustee for the bankruptcy estate of Spectrum Link, Inc.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## DECLARATION OF MARILYN ADJANGBA[5]

I, Marilyn Adjangba, declare as follows:

1.    I am over the age of eighteen (18) years old.  I have personal knowledge of the information contained herein and if called upon to testify, I could and would competently testify thereto.

2.    I make this declaration in support of the foregoing "*Chapter 7 Trustee's Motion For Order: (1) Authorizing Sale Of Vehicles To Marilyn Adjangba, Subject To Overbid; (2) Approving Proposed Overbid Procedures; (3) Approving The Sale Free And Clear Of Any Liens, Interests, And Encumbrances Under 11 U.S.C. § 363(f); (4) Deeming The Buyer To Be Good Faith Purchaser Under 11 U.S.C. § 363(m); And (5) Waiving The Fourteen-Day Stay Prescribed By FRBP 6004(H)*" ("Motion").

3.    I am the principal and CEO of the Debtor.  I became CEO after my brother and former CEO of the Debtor, Bernard Mayfield ("Mr. Mayfield"), passed away in April 2021.  I have offered to purchase, in my individual capacity, the following vehicles from the Trustee: (1) 2017 Ford Connect Van, license plate 77880G2, VIN ending -27318 ("2017 Ford Van"), (2) 2012 Ford F-F150 pickup truck, license plate 79084B2, VIN ending -82571 ("2012 Ford Truck"), and (3) 2014 Ford Connect Van, license plate 56186R2, VIN ending -33270 ("2014 Ford Van") (the three vehicles, individually, a "Vehicle," and collectively, the "Vehicles").  A copy of the registration and photos for each of the Vehicles is attached hereto as **Exhibit 1** for the 2017 Ford Van, **Exhibit 2** for the 2012 Ford Truck, and **Exhibit 3** for the 2014 Ford Van.

4.    The Debtor listed the Assets on Line 47 of its Schedule B filed on August 25, 2021, a true and correct copy of which is attached hereto as **Exhibit 4**.  The Debtor was the registered owner of each of the Vehicles on the Petition Date.[6]  *See* Exhibits 1-3.

---

[5] Terms not defined herein shall have the same meaning ascribed to them in the foregoing Motion and/or Memorandum of Points and Authorities.

[6] Schedule B erroneously listed the model years for the 2012 Ford Truck as a "2016," and for the 2014 Ford Van as a "2013." The registration cards attached as Exhibits 1-3 confirm the correct model years for the Vehicles.

5.      The Trustee has explained to me, and I understand and agree that, the Trustee is selling the Vehicles on an "as is, where is" basis, with no warranties, recourse, contingencies, or representations, express or implied, of any kind.  I further understand and agree that the Estate takes no responsibility for the collection and/or removal of the Vehicles and the cost of doing so, if any, is that of the Buyer.  The Sale of the Vehicles does not include any other personal property in the Vehicles (i.e., ladders, tools, etc.) seen in the photographs attached as Exhibits 1-3.  The Trustee has further explained to me that the Estate takes no responsibility for the collection and/or removal of the Vehicles and that the cost of doing so, if any, is mine as the Buyer.

6.      I understand that the Vehicles will be sold free and clear of any liens, interests, and encumbrances, including the Disputed Liens, pursuant to 11 U.S.C. § 363(f).

7.      I have reviewed the Overbid Procedures set forth in the Motion and I agree to adhere to those procedures.  I will be submitting my Deposit prior to the Sale hearing, and I have provided proof of financial ability to perform to the Trustee.

8.      I have not communicated with any other prospective or actual bidders in connection with the purchase of the Vehicles.  I have not communicated with any party in an effort to prevent other parties from making an offer to acquire the Vehicles.

9.      I have not entered into any arrangement that is not disclosed in the Motion relating to the Sale.  I have not entered into any agreement with any other officer, director, owner, or affiliate of the Debtor regarding the Vehicles.

10.      I have no prior relationship with the Trustee and I have not received any special treatment or consideration from the Trustee during the at arms-length negotiations to purchase the Vehicles.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11.     I request a waiver of the fourteen (14) day stay under FRBP 6004(h).  The Vehicles are currently held in two (2) storage units and immediate entry of the sale order will allow me to take immediate possession of the Vehicles and determine whether to move the Vehicles out of the storage or make other arrangements with the storage unit owners.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 3, 2022, at Schofield Barracks Army Base, Hawaii.

Marilyn Adjangba

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1



A Public Service Agency

REGISTRATION CARD VALID FROM: 06/30/2020 TO: 06/30/2021

| MAKE | YR MODEL | YR 1ST SOLD | VLF CLASS | *YR | TYPE VEH | TYPE LIC | LICENSE NUMBER |
|------|----------|-------------|-----------|-----|----------|----------|----------------|
| FORD | 2017 | 2017 | CZ | 2020 | 32V | 31 | 77880G2 |

| BODY TYPE MODEL | MP | MO | AX | WC | UNLADEN/G/CGW | VEHICLE ID NUMBER |
|-----------------|----|----|----|----|----|-----|
| VN | G | CC | 2 | C | 03520 | NM0LS7E78H1327318 |

| TYPE VEHICLE USE | DATE ISSUED | CC/ALCO | DT FEE RECVD | PIC | STICKER ISSUED |
|------------------|-------------|---------|--------------|-----|----------------|
| COMMERCIAL | 03/27/21 | 30 | 03/27/21 | 9 | C1642667 |

PR EXP DATE: 06/30/2021

REGISTERED OWNER
SPECTRUM LINK INC
712 S LOST CANYON RD

ANAHEIM
CA            92808

LIENHOLDER

MISC#: P26483

AMOUNT DUE
$   23.00

AMOUNT RECVD
CASH :   23.00
CHCK :
CRDT :

AMOUNT PAID
$     23.00



0026

H00   C04  6P 0002300 0027 CS   H00 032721 31   77880G2









# EXHIBIT 2



















# EXHIBIT 3

0041



FORD

NMOLS7E76E1133270

COML      06/30/2021 TO 06/30/2022   31  56186R2
REGISTRATION VALID FROM                TYPE   LICENSE NUMBER
             P25217

| VEHICLE IDENTIFICATION NUMBER | | | | | MAKE | | |
|---|---|---|---|---|---|---|---|
| NM0LS7E76E1133270 | | | | | FORD | | |
| BODY TYPE MODEL | CYLS. | DATE FIRST SOLD | | CLASS | *YR | Yr. Model | |
| VN | | 00/00/2014 | | CW | 2017 | 2014 | |
| DATE ISSUED | TYPE VEH. | MP | AX | WC | UNLADEN/G/CGW | TOTAL FEES PAID | |
| 06/21/2021 | 32V | G | 2 | C | 03520 | $255 | |
| | | | | | | 1900 | |

REGISTERED OWNER

LINK SPECTRUM
8221 3RD ST STE 204
DOWNEY  CA 90241-3735



W0024

L0048

RJ1061820214101

0042

STATE OF CALIFORNIA





0044

# EXHIBIT 4

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>Spectrum Link, Inc.</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>CENTRAL DISTRICT OF CALIFORNIA</td></tr>
<tr><td>Case number (if known)</td><td><strong>2:21-bk-16403</strong></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Chase Bank** | **Checking account** | 3932 | $3,502.00 |
| 3.2. | **First Bank - Levied funds, see item 11 on A/B** | **Checking account** | 0438 | $0.00 |

**4. Other cash equivalents** *(Identify all)*

**5. Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | $3,502.00 |

### Part 2: Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1. | **Security deposit for office on 3250 Wilshire Blvd.** | $6,972.53 |
|---|---|---|

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

0046

| Debtor | **Spectrum Link, Inc.** | Case number *(If known)* | **2:21-bk-16403** |
|---|---|---|---|
| | Name | | |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

$6,972.53

**Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| 11a. 90 days old or less: | 39,632.42 | - | 0.00 | = .... | $39,632.42 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11a. 90 days old or less: | 14,917.00 | - | 0.00 | = .... | $14,917.00 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$54,549.42

**Investments**

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

---

Official Form 206A/B

Schedule A/B Assets - Real and Personal Property

page 2

| Debtor | Spectrum Link, Inc. | Case number *(If known)* 2:21-bk-16403 |
| | Name | |

30 Siklu wireless radio components that have a total estimated resale value of $30,000; 50 antennas that have an estimated total value of $17,500; 200 access points that have an estimated total value of $40,000; 25 ICX equipment which are used for computer rooms which have an estimated total value of $22,500; 15 FWS radio components that have an estimated total value of $4,500;  200 P300 radio components which it uses to extend wireless coverage between remote locations or to enable broadband services in hard-to-reach locations. These P300 radio components have an estimated total value of $130,000; 80 Micotiks internet equipment that have an estimated total value of $4,000; Debtor owns approximately 15 sleds with a total value of $2,750.0

|  | | | $0.00 | | $251,250.00 |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$251,250.00

24. **Is any of the property listed in Part 5 perishable?**
   ■ No
   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   ■ No
   ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ■ No.  Go to Part 7.
   ☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

| Debtor | **Spectrum Link, Inc.** | Case number (If known) | **2:21-bk-16403** |
|--------|--------------------------|--|--|
| | Name | | |

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software 10 lap tops, 2 desk tops, 5 desks, leather sofa (2), television screens, conference tables, microwave, refrigerators, file cabinets. These items are located at 8221 3rd Street and 3250 Wilshire Blvd., #1615** | **$0.00** | | **$15,000.00** |
| 42. **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

| 43. | **Total of Part 7.** Add lines 39 through 42. Copy the total to line 86. | | **$15,000.00** |
|-----|--|--|--|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **2017 Ford Connect Van** | **$0.00** | | **$10,000.00** |
| 47.2. **2016 F150 Pickup Truck** | **$0.00** | | **$15,000.00** |
| 47.3. **2013 Ford Connect Van** | **$0.00** | | **$8,000.00** |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 49. **Aircraft and accessories** | | | |

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 4

| Debtor | **Spectrum Link, Inc.** | Case number *(if known)* | **2:21-bk-16403** |
|---|---|---|---|
| | Name | | |

**50.** Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

**51.** Total of Part 8.

Add lines 47 through 50. Copy the total to line 87.

$33,000.00

**52.** Is a depreciation schedule available for any of the property listed in Part 8?

☑ No
☐ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?

☑ No
☐ Yes

| **Part 9.** | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

☑ No.  Go to Part 10.
☐ Yes Fill in the information below.

| **Part 10:** | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** Patents, copyrights, trademarks, and trade secrets | | | |
| **61.** Internet domain names and websites | | | |
| **62.** Licenses, franchises, and royalties<br>Seller's permit | $0.00 | | $0.00 |
| **63.** Customer lists, mailing lists, or other compilations | | | |
| **64.** Other intangibles, or intellectual property | | | |
| **65.** Goodwill | | | |

**66.** Total of Part 10.

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?

☑ No
☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?

☑ No
☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?

☑ No
☐ Yes

| Debtor | **Spectrum Link, Inc.** | Case number *(if known)* | **2:21-bk-16403** |
|---|---|---|---|
| | Name | | |

<hr>

| Part 11: | **All other assets** |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

|  | | **Current value of debtor's interest** |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**Debtor has a potential claim against the Estate of Bernard Mayfield, Probate Case No.:**<br>**30-2021-01198605-PR-LA-CJC** | **Unknown** |
| | Nature of claim     **Embezzlement** | |
| | Amount requested     **$0.00** | |

<hr>

| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
|---|---|---|
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| 78. | **Total of Part 11.**<br><br>Add lines 71 through 77. Copy the total to line 90. | **$0.00** |
| 79. | **Has any of the property listed in Part 11 been appraised by a professional within the last year?**<br>■ No<br>☐ Yes | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

0051

| Debtor | **Spectrum Link, Inc.** | | Case number *(If known)* | **2:21-bk-16403** |
|---|---|---|---|---|
| | Name | | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $3,502.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $6,972.53 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $54,549.42 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $251,250.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $15,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $33,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $364,273.95 | + 91b.  $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $364,273.95 |

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

# EXHIBIT 5

**Fill in this information to identify the case:**

Debtor name **Spectrum Link, Inc.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **2:21-bk-16403**

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|---|
| **2.1** | **Employee Development Department**<br>Creditor's Name | Describe debtor's property that is subject to a lien | **$3,418.67** | **$0.00** |

**Bankruptcy Group MIC 92E**
**PO Box 826880**
**Sacramento, CA**
**94280-0001**
Creditor's mailing address

Describe the lien
**State Tax Lien**
Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**6/11/2021**
Last 4 digits of account number
**4825**

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| | | | | |
|---|---|---|---|---|
| **2.2** | **Employee Development Department**<br>Creditor's Name | Describe debtor's property that is subject to a lien | **$1,061.63** | **$0.00** |

**Bankruptcy Group MIC 92E**
**PO Box 826880**
**Sacramento, CA**
**94280-0001**
Creditor's mailing address

Describe the lien
**State Tax Lien**
Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**7/21/2020**
Last 4 digits of account number

---

Official Form 206D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 3

| Debtor | Spectrum Link, Inc. | | Case number (if known) | 2:21-bk-16403 |
|---|---|---|---|---|
| | Name | | | |

3420

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.3 | **Employee Development Department** | Describe debtor's property that is subject to a lien | $1,182.73 | $0.00 |
|---|---|---|---|---|
| | Creditor's Name | | | |

**Bankruptcy Group MIC 92E**
**PO Box 826880**
**Sacramento, CA**
**94280-0001**
Creditor's mailing address

Describe the lien
**State Tax Lien**

Is the creditor an insider or related party?

■ No

☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?

■ No

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**09/02/2020**
Last 4 digits of account number
**0926**

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.4 | **Employee Development Department** | Describe debtor's property that is subject to a lien | $1,873.79 | $0.00 |
|---|---|---|---|---|
| | Creditor's Name | | | |

**Bankruptcy Group MIC 92E**
**PO Box 826880**
**Sacramento, CA**
**94280-0001**
Creditor's mailing address

Describe the lien
**State Tax Lien**

Is the creditor an insider or related party?

■ No

☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?

■ No

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**10/30/2020**
Last 4 digits of account number
**9437**

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.5 | **The 3250 Wilshire Blvd. Partners** | Describe debtor's property that is subject to a lien | $25,147.39 | $0.00 |
|---|---|---|---|---|

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

0055

Debtor  **Spectrum Link, Inc.**
Name

Case number (if known)  **2:21-bk-16403**

Creditor's Name

**c/o Steven J. Revitz**
**Raiskin & Revitz**
**1875 Century Park East,**
**Ste 2000**
**Los Angeles, CA 90067**
Creditor's mailing address

**All property subject to enforcement of a**
**Money Judgment against Judgment Debtor**

Describe the lien

**Judgment Lien Recorded with SOS within 90**
**day preference**

Is the creditor an insider or related party?

■ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?

■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred
**5/23/2021**
Last 4 digits of account number
**0096**

Do multiple creditors have an
interest in the same property?

■ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

As of the petition filing date, the claim is:
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

3.  Total of the dollar amounts from Part 1, Column A, Including the amounts from the Additional Page, if any.     **$32,684.21**

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Law Office of Sheila M. Pistone**<br>**One Park Plaza, Suite 600 PMB 150**<br>**Irvine, CA 92614** | Line  **2.5** | |

# EXHIBIT 6



**1 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**

**Debtor Information**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC. |
| **Standardized Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241 |
| **Original Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241-3735 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| **Standardized Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814 |
| **Original Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814-4703 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | NOTICE OF STATE TAX LIEN - LIEN FINANCIN |
| **Original Filing Number:** | U210055604825 |
| **Original Filing Date:** | 06/11/2021 |
| **Original Filing Time:** | 9:11 PM |
| **Filing Number:** | U210055604825 |
| **Filing Expiration Date:** | 06/11/2031 |
| **Filing Status:** | ACTIVE |
| **Pages:** | 1 |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**2 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**
**Debtor Information**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC. |
| **Standardized Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241 |
| **Original Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241-3735 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| **Standardized Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814 |
| **Original Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814-4703 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | NOTICE OF STATE TAX LIEN - LIEN FINANCIN |
| **Original Filing Number:** | U200028939437 |
| **Original Filing Date:** | 10/30/2020 |
| **Original Filing Time:** | 10:27 PM |
| **Filing Number:** | U200028939437 |
| **Filing Expiration Date:** | 10/30/2030 |
| **Filing Status:** | ACTIVE |
| **Pages:** | 1 |

**Important:**  The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**3 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**

**Debtor Information**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC. |
| **Standardized Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241 |
| **Original Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241-3735 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| **Standardized Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814 |
| **Original Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814-4703 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | NOTICE OF STATE TAX LIEN - LIEN FINANCIN |
| **Original Filing Number:** | U200003153420 |
| **Original Filing Date:** | 07/21/2020 |
| **Original Filing Time:** | 01:22 AM |
| **Filing Number:** | U200003153420 |
| **Filing Expiration Date:** | 07/21/2030 |
| **Filing Status:** | ACTIVE |
| **Pages:** | 1 |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**4 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**
**Debtor Information**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC. |
| **Standardized Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241 |
| **Original Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241-3735 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| **Standardized Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814 |
| **Original Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814-4703 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | STATE TAX LIEN |
| **Original Filing Number:** | 197733060016 |
| **Original Filing Date:** | 09/10/2019 |
| **Original Filing Time:** | 3:38 PM |
| **Filing Expiration Date:** | 09/10/2029 |
| **Filing Status:** | ACTIVE |
| **Filing Type:** | TERMINATION |
| **Filing Number:** | 1977474651 |
| **Filing Date:** | 11/19/2019 |
| **Filing Time:** | 15:28 |
| **Filing Expiration Date:** | 09/10/2029 |
| **Filing Status:** | ACTIVE |
| **Pages:** | 1 |
| **Microfilm Number:** | 83794600002 |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**5 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**
**Debtor Information**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC. |
| **Standardized Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241 |
| **Original Address:** | 8221 3RD ST STE 204<br>DOWNEY, CA 90241-3735 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| **Standardized Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814 |
| **Original Address:** | 722 CAPITOL MALL<br>SACRAMENTO, CA 95814-4703 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | STATE TAX LIEN |
| **Original Filing Number:** | 197721793521 |
| **Original Filing Date:** | 07/08/2019 |
| **Original Filing Time:** | 3:28 PM |
| **Filing Expiration Date:** | 07/08/2029 |
| **Filing Status:** | ACTIVE |
| **Filing Type:** | TERMINATION |
| **Filing Number:** | 1977291921 |
| **Filing Date:** | 08/21/2019 |
| **Filing Time:** | 15:41 |
| **Filing Expiration Date:** | 07/08/2029 |
| **Filing Status:** | ACTIVE |
| **Microfilm Number:** | 81101160002 |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively

accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**6 OF 6 RECORD(S)**

# UCC Filings

**1:CALIFORNIA UCC Record**
**Debtor Information**
**Debtor 1**

|  |  |
|---|---|
| **Name:** | MR BERNARD SMITH MAYFIELD |
| **Standardized Address:** | 4654 PIMENTA AVE |
|  | LAKEWOOD, CA 90712 |
| **Original Address:** | 4654 PIMENTA |
|  | LAKEWOOD, CA 90712-3866 |
| **SSN:** | 202-50-XXXX |

**Debtor 2**

|  |  |
|---|---|
| **Name:** | SPECTRUM LINK, INC., A CALIFORNIA CORPORATION |
| **Standardized Address:** | 4654 PIMENTA AVE |
|  | LAKEWOOD, CA 90712 |
| **Original Address:** | 4654 PIMENTA |
|  | LAKEWOOD, CA 90712-3866 |

**Secured Party Information**

|  |  |
|---|---|
| **Name:** | THE 3250 WILSHIRE BLVD. PARTNERS, A CALIFORNIA LIMITED PARTNERSHIP |
| **Standardized Address:** | 1875 CENTURY PARK E STE 2000 |
|  | LOS ANGELES, CA 90067 |
| **Original Address:** | C/O RAISKIN & REVITZ 1875 CENTURY PARK EAST SUITE 2000 STEVE |
|  | LOS ANGELES, CA 90067-2545 |

**Filing Information**

|  |  |
|---|---|
| **Original Filing Type:** | JUDGMENT LIEN - LIEN FINANCING STMT |
| **Original Filing Number:** | U210048992644 |
| **Original Filing Date:** | 05/23/2021 |
| **Original Filing Time:** | 2:18 PM |
| **Filing Number:** | U210048992644 |
| **Filing Expiration Date:** | 05/23/2026 |
| **Filing Status:** | ACTIVE |
| **Pages:** | 2 |

0068

# UCC Filings

**Important:**  The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Legal Compliance

Copyright © 2021 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

---

**End of Document**

# EXHIBIT 7

Fill in this information to identify the case:

Debtor 1  SPECTRUM LINK, INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL District of CALIFORNIA

Case number 21-16403

Official Form 410

# Proof of Claim

12/15

Read the instructions before filing out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | EMPLOYMENT DEVELOPMENT DEPARTMENT<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

EMPLOYMENT DEVELOPMENT DEPARTMENT
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Contact phone  1-916-464-2888

Contact email  CDBankruptcyGroup.Tax@edd.ca.gov

Where should payments to the creditor be sent? (if different)

Contact phone

Contact email

Uniform claim identified for electronic payments in chapter 13 (if you use one):

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on: _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  XXXX-XXX5968 |

**7. How much is the claim?**    $17,507.94    **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $0.00

**Amount of the claim that is secured:**    $0.00

**Amount of the claim that is unsecured:**    $0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $0.00

**Annual Interest Rate** (when case was filed)    0.00%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| | ☒ Yes. *Check all that apply:* | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 0.00 |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 0.00 |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 0.00 |
| | ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 12,519.13 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ 0.00 |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)() that applies. | $ 0.00 |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |
| | ☒ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152,157, and 3571.** | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date   September 27, 2021 |
| | MM / DD / YYYY |
| | /s/ MARY HERRICK |
| | Signature |

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | MARY HERRICK | | |
| | First name | Middle name | Last name |
| Title | Tax Administrator | | |
| Company | EMPLOYMENT DEVELOPMENT DEPARTMENT | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | Bankruptcy Group MIC 92E | | |
| | PO Box 826880 | | |
| | Sacramento, CA 94280-0001 | | |
| Contact phone | 1-916-464-2888 | Email | CDBankruptcyGroup.Tax@edd.ca.gov |

Employment Development Department (EDD)

# Summary Itemization of Proof of Claim

Petition Date: 08/11/21

## In the Matter of: SPECTRUM LINK, INC.

EDD Identification Number(s):
XXXX-XXX5968

This claim is based on unpaid California payroll taxes under Section 507(a)(8) (C) of the United States Bankruptcy Code (USBC) for State Disability Insurance (SDI) and State Personal Income Tax (PIT) withholdings (trust funds) and Section 507(a)(8) (E) for Unemployment Insurance (UI) and Employment Training Tax (ETT) (non-trust-funds).

## Priority Claims under Section 507(a)(8) of the Bankruptcy Code

| EDD Account No. | Tax Period | 507(a)(8)(C) Taxes | 507(a)(8)(E) Taxes | Interest Date To 08/11/21 | Account Total |
|---|---|---|---|---|---|
| XXX-7372-X | 4/1/2021 To 6/30/2021 | $502.76 | $1,112.51 | $1.20 | $1,616.47 |
| XXX-7372-X | 1/1/2021 To 3/31/2021 | $522.14 | $1,104.50 | $13.83 | $1,640.47 |
| XXX-7372-X | 10/1/2020 To 12/31/2020 | $535.99 | $1,551.80 | $33.04 | $2,120.83 |
| XXX-7372-X | 7/1/2020 To 9/30/2020 | $672.65 | $1,870.86 | $68.01 | $2,611.52 |
| XXX-7372-X | 4/1/2020 To 6/30/2020 | $555.51 | $1,451.14 | $80.29 | $2,086.94 |
| XXX-7372-X | 1/1/2020 To 3/31/2020 | $213.94 | $1,176.69 | $73.93 | $1,464.56 |
| XXX-7372-X | 10/1/2019 To 12/31/2019 | $261.08 | $621.75 | $58.44 | $941.27 |
| XXX-7372-X | 7/1/2019 To 9/30/2019 | $0.00 | $0.00 | $37.07 | $37.07 |
| | | | **Total Amount of Priority Claims** | | $12,519.13 |

## Unsecured Claims

| | |
|---|---|
| 1) Penalty to 08/11/21. | $4,867.22 |
| 2) Interest not included in the priority claim. | $121.59 |
| 3) Non-Priority USBC Section 507(a)(8)(E) Unemployment Insurance and/or Employment Training Tax (ETT). | $0.00 |
| 4) Overpayment of Unemployment Insurance and/or Disability Insurance Benefits for which this Debtor is liable under Section(s) 1375/2735 of the California Unemployment Insurance Code. | $0.00 |
| **Total Amount of Unsecured Claims** | $4,988.81 |

| Note: Interest continues to accrue on all amounts included in this claim until paid or discharged. | **Claim Total** | $17,507.94 |
|---|---|---|

DE 6470 Rev. 1 (12-16)

0074

# EXHIBIT 8

0075

**Kelley Blue Book**
THE TRUSTED RESOURCE

# 2017 Ford Transit Connect Cargo Pricing Report

**Style:** XLT Van 4D

**Mileage:** 119,529

**KBB.com Consumer Rating:** 4.3/5

## Vehicle Highlights

Fuel Economy: City 20/Hwy 27/Comb 23 MPG

Engine: 4-Cyl, Flex Fuel, 2.5 Liter

Drivetrain: FWD

Transmission: Automatic, 6-Spd w/SelectShift

Country of Assembly: Spain

Country of Origin: United States

EPA Class: Special Purpose Vehicles

Max Seating: 2

Doors: 4

Body Style: Van

## Sell to Private Party



Private Party Range
**$10,940 - $13,826**

Private Party Value
**$12,687**

Valid for **ZIP code 90071** through **01/04/2022**

# Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Exterior Color**
✓ Black

**Engine**
4-Cyl, Flex Fuel, 2.5 Liter

**Drivetrain**
FWD

**Transmission**
Automatic, 6-Spd
w/SelectShift

**Braking and Traction**
ABS (4-Wheel)

Hill Start Assist Control

Electronic Stability Control

**Comfort and Convenience**
Air Conditioning

Perimeter Alarm System

Cruise Control

Keyless Entry

Power Door Locks

Power Windows

**Entertainment and Instrumentation**
AM/FM Stereo

CD/MP3 (Single Disc)

SYNC

SiriusXM Satellite

**Safety and Security**
Dual Air Bags

Head Curtain Air Bags

Side Air Bags

**Steering**
Power Steering

Tilt Wheel

**Wheels and Tires**
Steel Wheels

**Exterior**
Fog Lights

0077

**Kelley Blue Book**
THE TRUSTED RESOURCE

## 2012 Ford F150 Super Cab Pricing Report

**Style:** XL Pickup 4D 6 1/2 ft

**Mileage:** 146,996

**KBB.com Consumer Rating:** 4.6/5

## Vehicle Highlights

Fuel Economy: City 15/Hwy 21/Comb 17 MPG

Engine: V8, Flex Fuel, 5.0 Liter

Transmission: Automatic, 6-Spd

Drivetrain: 2WD

Country of Assembly: United States

Country of Origin: United States

EPA Class: Standard Pickup Trucks

Max Seating: 6

Doors: 4

Body Style: Pickup

## Sell to Private Party



Private Party Range
**$8,048 - $10,605**
Private Party Value
**$9,327**

Valid for **ZIP code 90071** through **01/04/2022**

0078

# Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

| | | | |
|---|---|---|---|
| **Exterior Color** | **Engine** | **Transmission** | **Drivetrain** |
| ✓ Black | V8, Flex Fuel, 5.0 Liter | Automatic, 6-Spd | 2WD |

| | | | |
|---|---|---|---|
| **Braking and Traction** | **Comfort and Convenience** | **Steering** | **Entertainment and Instrumentation** |
| Hill Start Assist Control | Air Conditioning | Power Steering | AM/FM Stereo |
| Traction Control | Power Windows | Tilt Wheel | |
| AdvanceTrac | Power Door Locks | | |
| ABS (4-Wheel) | Cruise Control | | |
| | Alarm System | | |

| | | |
|---|---|---|
| **Safety and Security** | **Cargo and Towing** | **Wheels and Tires** |
| Dual Air Bags | Towing Pkg | Steel Wheels |
| Side Air Bags | | |
| Head Curtain Air Bags | | |

0079

**Kelley Blue Book**
THE TRUSTED RESOURCE

## 2014 Ford Transit Connect Cargo Pricing Report

**Style**: XL Van 4D

**Mileage**: 146,000

## Vehicle Highlights

Fuel Economy: City 21/Hwy 29/Comb 24 MPG

Engine: 4-Cyl, 2.5 Liter

Transmission: Automatic, 6-Spd w/SelectShift

Drivetrain: FWD

Country of Assembly: Spain

Country of Origin: United States

EPA Class: Special Purpose Vehicles

Max Seating: 2

Doors: 4

Body Style: Van

### Sell to Private Party



Private Party Range
**$6,682 - $8,579**

Private Party Value
**$7,631**

Valid for **ZIP code 90071** through **01/04/2022**

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Exterior Color**
✓ Black

**Engine**
4-Cyl, 2.5 Liter

**Transmission**
Automatic, 6-Spd
w/SelectShift

**Drivetrain**
FWD

**Wheels and Tires**
Steel Wheels

**Braking and Traction**
Hill Start Assist

Stability Control

ABS (4-Wheel)

**Comfort and Convenience**
Keyless Entry

Air Conditioning

Power Windows

Power Door Locks

Cruise Control

Anti-Theft System

**Steering**
Power Steering

Tilt Wheel

**Entertainment and Instrumentation**
AM/FM Stereo

**Safety and Security**
Dual Air Bags

Side Air Bags

Head Curtain Air Bags

0081

# Glossary of Terms

**Kelley Blue Book® Trade-In Value -** This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

**Trade-In Range -** The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is dierent and values are not guaranteed.

> ## Tip:
>
> **It's crucial to know your car's true condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.**

**Kelley Blue Book® Private Party Value -** This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The nal price depends on the car's actual condition and local market factors.

**Private Party Range -** The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition -** 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition -** 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition -** 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition -** 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

© 2022 Kelley Blue Book Co., Inc. All rights reserved. 1/4/2022 1/4/2022 Edition #4 CCv000717. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.2020226)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  <u>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:  (1) AUTHORIZING SALE OF VEHICLES TO MARILYN ADJANGBA, SUBJECT TO OVERBID; (2) APPROVING PROPOSED OVERBID PROCEDURES; (3) APPROVING THE SALE FREE AND CLEAR OF ANY LIENS, INTERESTS, AND ENCUMBRANCES UNDER 11 U.S.C. § 363(f), (4) DEEMING THE BUYER TO BE A GOOD FAITH PURCHASER UNDER 11 U.S.C. § 363(m); AND (5) WAIVING THE FOURTEEN-DAY STAY PRESCRIBED BY FRBP 6004(h); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HOWARD M. EHRENBERG AND MARILYN ADJANGBA IN SUPPORT THEREOF</u>  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>January 4, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Debtor Spectrum Link, Inc.
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Steve Burnell on behalf of Attorney SulmeyerKupetz, A Professional Corporati
sburnell@sulmeyerlaw.com,
sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com

Steve Burnell on behalf of Interested Party Courtesy (NEF)
sburnell@sulmeyerlaw.com,
sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com

Steve Burnell on behalf of Trustee Howard M Ehrenberg (TR)
sburnell@sulmeyerlaw.com,
sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com

Charles W Daff on behalf of Interested Party Rosalina Frank
charleswdaff@gmail.com, r53975@notify.bestcase.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

M Douglas Flahaut on behalf of Interested Party Courtesy NEF
flahaut.douglas@arentfox.com

Alan W Forsley on behalf of Creditor Kenneth Thieman
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy (NEF)
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Mark S Horoupian on behalf of Trustee Howard M Ehrenberg (TR)
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Kathleen P March on behalf of Creditor R and A Cell Towers LLC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

Kathleen P March on behalf of Interested Party Courtesy (NEF)
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Sheila M Pistone on behalf of Creditor The 3250 Wilshire Boulevard Partners
sheila@pistonelawoffice.com, sheilapistone@yahoo.com

Thomas J Polis on behalf of Creditor Armstrong Family Trust
tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com

Allan D Sarver on behalf of Interested Party Allan Sarver
ADS@asarverlaw.com

Timothy J Silverman on behalf of Creditor FERRARI FINANCIAL SERVICES, INC., its successors and/or assignees
tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher B Wick on behalf of Creditor Crown Castle MU LLC
cwick@hahnlaw.com, lmay@hahnlaw.com;cmb@hahnlaw.com

Christopher B Wick on behalf of Interested Party Courtesy NEF
cwick@hahnlaw.com, lmay@hahnlaw.com;cmb@hahnlaw.com

Christopher K.S. Wong on behalf of Creditor Firuza Gilcher
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Gabe P Wright on behalf of Creditor Crown Castle MU LLC
GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com;lmay@hahnlaw.com

Gabe P Wright on behalf of Interested Party Courtesy NEF
GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com;lmay@hahnlaw.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  January 4, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Spectrum Link, Inc.
8221 3rd Street, Suite 204
Downey, CA 90241

**United States Trustee (LA)**
Kelly L Morrison
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  January 4, 2022 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 4, 2022 | Maria R. Viramontes | */s/Maria R. Viramontes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**